IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CERNER MIDDLE EAST LIMITED,

        Plaintiff,

    v.

ICAPITAL, LLC and AHMED SAEED
MAHOUD AL-BADIE AL-DAHARI,

        Defendants.

No. 3:16-cv-01631-YY

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge You issued a Findings & Recommendation [29] on March 27, 2017, in which she recommends that this Court deny Defendants' motion to dismiss [4]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation ("F&R"), the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court has conducted such a review and adopts in part and declines to adopt in part Judge You's F&R. The Court grants Defendants' motion to dismiss for lack of personal jurisdiction.

The Court agrees with Judge You's conclusion that the Arbitral Tribunal ("Tribunal") lacked jurisdiction to decide whether Mr. Dhaheri[1] is an alter ego of iCapital, LLC, and, thus, whether Mr. Dhaheri agreed to arbitrate the dispute with Plaintiff. F&R 8, ECF 29. While Plaintiff objects, contending that Plaintiff and iCapital "clearly and unmistakably" authorized the Tribunal to resolve jurisdictional disputes, none of the cases cited by Plaintiff in its Objections addressed situations where a non-signatory contended that it was not bound by the arbitration provision. The issue is not whether Plaintiff and iCapital agreed to resolve jurisdictional disputes in arbitration but, rather, whether the Tribunal had jurisdiction to decide the arbitrability of Plaintiff's claim against Mr. Dhaheri, in the absence of any agreement between the parties to arbitrate their dispute. The Court agrees with Judge You that the Tribunal lacked jurisdiction. *See* F&R 14; *see also Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1127 (9th Cir. 2013) ("Given the absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories, the district court had the authority to decide whether the instant dispute is arbitrable."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 946 (1995) (holding that because the defendants "did not clearly agree to submit the question of arbitrability to arbitration," the arbitrability of the dispute was "subject to independent review by the courts").

---

[1] In the caption, the individual defendant's name is spelled "Al-Dahari." However, in Defendants' briefing and Judge You's F&R, it is spelled "Dhaheri"; therefore, the Court uses that spelling.

The Court also agrees with Judge You's conclusion that the question of whether Mr. Dhaheri is an alter ego of iCapital, LLC, is one for the Court to decide. *Id.* However, because this Court concludes that it lacks jurisdiction to make such a determination, it declines to do so and, instead, grants Defendants' motion to dismiss.

It is undisputed that the only possible avenue for this Court to assert jurisdiction over Defendants is through type two *quasi in rem* jurisdiction over Mr. Dhaheri.[2] As Judge You explained, in order to establish such jurisdiction, Plaintiff must make a *prima facie* showing that an arbitral tribunal or court "of competent jurisdiction" has rendered a valid judgment or award against Mr. Dhaheri and that Mr. Dhaheri has property in the forum.[3] F&R 7. *See also Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) (in order to establish type two *quasi in rem* jurisdiction, Plaintiff must show that "a court of competent jurisdiction" determined that the defendant is a debtor of the plaintiff); *Id.* at n. 8 ("Tormented souls of first-year civil procedure will recognize this strain of jurisdiction as *quasi in rem* type II, where 'the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him.'") (citing *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958)); *Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010) ("In an action to execute on a judgment, due process concerns are satisfied, assuming proper notice, by the previous rendering of a judgment by a court of competent jurisdiction.").

Judge You concluded that Plaintiff made a *prima facie* showing that Mr. Dhaheri is an alter ego of iCapital LLC and, by doing so, made a *prima facie* showing that the Tribunal was a

---

[2] Judge You and the parties agree that if this Court has jurisdiction over Mr. Dhaheri and concludes that he is an alter ego of iCapital, LLC, then the Court also has jurisdiction over iCapital, LLC. F&R 23 (citing *Kirby Morgan Dive Sys. v. Hydrospace Ltd.*, No. CV 09-4934 PSG(FFMX), 2010 WL 234791, at *3-5 (C.D. Cal. Jan. 13, 2010), *rev'd on other grounds*, 478 F. App'x 382 (9th Cir. 2012)).

[3] Mr. Dhaheri does not dispute that he has a bank account in Oregon.

3 – ORDER

court of competent jurisdiction. F&R 20. Therefore, Judge You concluded that Plaintiff had established personal jurisdiction with respect to Mr. Dhaheri. *Id.*

This Court, on the other hand, concludes that it does not have jurisdiction to reach the issue of whether Mr. Dhaheri is an alter ego of iCapital, LLC. As explained above, the Tribunal did not have jurisdiction over Mr. Dhaheri. The Tribunal's arbitration award, therefore, does not satisfy the requirement of a decision issued by an arbitral tribunal "of competent jurisdiction." Plaintiff is unable to make the prerequisite showing for *quasi in rem* jurisdiction over Defendants, because no court of competent jurisdiction has determined that Mr. Dhaheri is a debtor of Plaintiff. Additionally, this Court has no personal jurisdiction over Mr. Dhaheri and, thus, no authority reach the issue of whether Mr. Dhaheri is an alter ego.

Plaintiff repeatedly asserts that Mr. Dhaheri's liability was already determined in the arbitration proceedings and that, therefore, this Court needs only to confirm the Tribunal's jurisdiction. *See, e.g.,* Pl. Resp. 16. Plaintiff notes a recent decision from the Second Circuit Court of Appeals, which explained that "the question of whether a third party not named in an arbitral award may have that award enforced against it under a theory of alter-ego liability, or any other legal principle concerning the enforcement of awards or judgments, is one left to the law of the enforcing jurisdiction . . . under the terms of Article III of the New York Convention." *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 75 (2d Cir. 2017).

This Court reiterates that due process concerns require this Court to have jurisdiction over Defendants *before* considering whether any award can be enforced.[4] *Glencore Grain,* 284 F.3d at 1122 ("[I]n suits to confirm a foreign arbitral award under the Convention, due process

---

[4] *Kingsland Holding, Inc. v. Bracco*, which Plaintiff relies on in its Response, acknowledged that the court had to have a basis for jurisdiction over the individual defendant in order to enforce a judgment "rendered by a court of competent jurisdiction." No. CIV. A. 14817, 1996 WL 104257, at *6 (Del. Ch. Mar. 5, 1996). The court determined that the defendant had sufficient minimum contacts to invoke jurisdiction. *Id.* at *5.

requires that the district court have jurisdiction over the defendant . . . . "); *see also Cargnani v. Pewag Austria G.m.b.H.*, No. CIV. S-05-0133 WBSJF, 2007 WL 415992, at *4 (E.D. Cal. Feb. 5, 2007) ("The Ninth Circuit has made clear that, although Chapter II of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, provides *subject matter* jurisdiction for District Courts, courts must nonetheless have *personal* jurisdiction over a defendant—the constitutional due process standards remain the same."). Because the Court lacks personal jurisdiction over Mr. Dhaheri, the Court's inquiry ends.

Plaintiff is also mistaken in its contention that Judge You erred by failing to recognize a distinction between domestic and international arbitrations. According to plaintiff, "the New York Convention imposes an international obligation requiring that foreign awards (unlike domestic awards) be recognized and enforced, subject only to specified, internationally-defined exceptions." Pl.'s Resp. 26, ECF 32. Plaintiff, however, fails to cite any authority to support the proposition that this Court can enforce an arbitration award, even an international award, when the Court lacks jurisdiction over the defendant. As already discussed, the authority found by this Court states the opposite. *See Glencore Grain Rotterdam B.V.*, 284 F.3d at 1122.

Finally, in a paragraph at the end of Plaintiff's argument urging the Court to adopt Judge You's alter ego determination, Plaintiff writes: "[I]n the alternative, this Court has the power to maintain the bank account seizure pending the outcome of Dhaheri's pending action in France to vacate the Award." Pl.'s Resp. 21. Plaintiff did not make this argument to Judge You and provides no justification for raising the argument at such a late stage in the consideration of Defendant's Motion to Dismiss. By making the argument for the first time in its Response to Defendant's Objections, Plaintiff deprived Defendant of the opportunity to respond. Thus, the Court exercises its discretion and declines to consider this new argument. *See Olmos v. Ryan,*

5 – ORDER

No. CV-11-00344-PHX-GMS, 2013 WL 3199831, at *8 (D. Ariz. June 24, 2013) ("Generally, a district court need not consider new arguments raised for the first time in objections to an R & R."); *Delgadillo v. Woodford,* 527 F.3d 919, 930 n. 4 (9th Cir. 2008) (holding that reply is not proper place to raise new arguments); *United States v. Howell,* 231 F.3d 615, 623 (9th Cir. 2000) (holding that the district court could exercise its discretion to refuse to consider supplemental factual allegations where such information was readily available when the party filed its initial motion before a magistrate judge).

The Court has carefully considered the remainder of the Findings & Recommendation and the pertinent portions of the record *de novo* and finds no basis to make any further modifications.

## CONCLUSION

The Court adopts in part and declines to adopt in part Magistrate Judge You's Findings and Recommendation [29]. Defendants' Motion to Dismiss for Lack of Jurisdiction [4] is granted.

IT IS SO ORDERED.

DATED this __14__ day of __June__, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 – ORDER