IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CERNER MIDDLE EAST LIMITED, | No. 3:16-cv-01631-YY |
| Plaintiff, | ORDER |
| v. | |
| ICAPITAL, LLC and AHMED SAEED MAHOUD AL-BADIE AL-DAHARI, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

  Magistrate Judge You issued a Findings & Recommendation [87] on August 23, 2021, in which she recommends that this Court grant Plaintiffs' motion for summary judgment [4]. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 – ORDER

Defendants filed timely limited objections to the Magistrate Judge's Findings & Recommendation. Def. Obj., ECF 92. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation ("F&R"), the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Defendants do not object to the recommendation that summary judgment recognizing the ICC International Court of Arbitration final arbitral award ("Award") should be granted for Plaintiffs. Defendants only object on a limited basis to language in Judge You's F&R describing the amount of the judgment. Specifically, Defendants object to the recommendation that "judgment be entered against defendants' property in an amount not to exceed the total amount due in the Award." F&R 18.

Because the Court's authority to enter a judgment is based on quasi in rem jurisdiction, Defendants assert that any judgment "must be limited to the value of Defendants' property within the forum grounding jurisdiction." Def. Objections 2, ECF 92. The attached property that provides the basis for quasi in rem jurisdiction is a bank account held by Defendant Dhaheri[1] at U.S. Bank, N.A. in Portland, Oregon. Defendants argue that the effect of a judgment based on quasi in rem jurisdiction "is limited to the property that supports jurisdiction and does not impose personal liability on the property owner." *Schaffer v. Heitner*, 433 U.S. 186, 199 (1977).

Defendants' objections are unnecessary. Judge You's F&R does not recommend the Court enter judgment in any amount that exceeds the value of the bank account or impose

---

[1] In the caption of this case, the individual defendant's name is spelled "Al-Dahari." The Court uses "Dhaheri" because that is the spelling used in many of Defendants' briefs, in previous orders by this Court, and in Judge You's F&R.

2 – ORDER

personal liability on Defendants. When jurisdiction is based on quasi in rem jurisdiction, it is implied that the amount of any judgment is limited to the value of the property that gives rise to jurisdiction. *See* 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1070 (4th ed. 2021) (When a "plaintiff secures a judgment in a quasi-in-rem action, it will be satisfied to the extent possible out of the attached property, but that . . . is where the court's power ends.") The Court does not know the present value of the bank account. Thus, a judgment against the account that does not "exceed the total amount due in the Award" is appropriate.

Plaintiffs agree there is no need to limit the Court's recognition of the Award to any amount other than the full amount of the Award. Pl. Resp. 3, ECF 93. Plaintiffs note that the Award is already limited to the Defendants' in-jurisdiction assets. But Plaintiffs claim that "other assets may be discovered in post-judgment discovery against which the Award may likewise be enforced." *Id.* at 4. In this regard, Plaintiffs misconstrue the effect of a judgment based on quasi in rem jurisdiction. The effect of a judgment here "is limited to the property that supports jurisdiction." *Schaffer*, 433 U.S. at 199. Property must be attached or garnished at the outset of the suit as a prerequisite for quasi in rem jurisdiction. "[W]hen jurisdiction is based on property the resulting judgment can affect only the property that has been brought before the court." WRIGHT & MILLER, *supra*.

The only property attached since the outset of these proceedings is Dhaheri's bank account at U.S. Bank. The Award may not be enforced against any other assets identified in Oregon after the judgment has been entered because they do not provide a basis for the Court's jurisdiction in this case.

3 – ORDER

The Court finds no reason to modify the Magistrate Judge's Findings & Recommendations, and after reviewing the pertinent portions of the record *de novo*, the Court finds no other errors.

## CONCLUSION

The Court adopts Magistrate Judge You's Findings and Recommendation [87]. Plaintiffs' Motion for Summary Judgment [77] is GRANTED. Plaintiff's Motion to Strike [74] is DENIED as MOOT.

IT IS SO ORDERED.


DATED:    October 24, 2021       .

                                                MARCO A. HERNÁNDEZ
                                                United States District Judge